IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 26-cv-00436-PAB

NESTOR LUIS MONCADA-HERNANDEZ,

    Petitioner,

v.

DONALD J. TRUMP, in his official capacity as President of the United States,
ROBERT HAGAN,[1] in his official capacity as Denver Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations,
TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,
PETE R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protections,
KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security,
MARCO RUBIO, in his official capacity as Secretary of State,
PAMELA BONDI, in her official capacity as U.S. Attorney General, and
JUAN BALTAZAR,[2] Warden, Aurora ICE Processing Center,

    Respondents.

## ORDER

This matter comes before the Court on petitioner Nestor Luis Moncada-Hernandez's Petition for Writ of Habeas Corpus [Docket No. 1] and Emergency Motion for Temporary Restraining Order [Docket No. 2]. Respondents filed a response. Docket No. 10.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert Hagan is automatically substituted as a party in this action.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Juan Baltazar is automatically substituted as a party in this action.

I. **BACKGROUND**[3]

Petitioner is a citizen of Venezuela.  Docket No. 1 at 2, ¶ 1.  Petitioner has participated in numerous acts of protest against the Venezuelan government and encouraged opposition voting against Freddy Bernal, who has been sanctioned by several countries including the United States.  *Id.*, ¶ 2.  Petitioner publicly protested Mr. Bernal being elected Governor of Táchira.  *Id.*, ¶¶ 2-3.  The night after petitioner publicly protested the election, an armed pro-government group broke into petitioner's home, beat petitioner, and threatened to kill petitioner for his actions.  *Id.*, ¶ 3.  This group identified that they were acting on Mr. Bernal's orders.  *Id.*  Fearing for his life, petitioner fled to the United States on or around November 28, 2021.  *Id.* at 2-3, ¶ 4.  Petitioner entered the United States at or near Brownsville, Texas on or around December 1, 2021.  *Id.*

On December 1, 2021, shortly after entering the United States, U.S. Customs and Border Protection ("CBP") agents apprehended petitioner.  Docket No. 10-1 at 2, ¶ 5.  Petitioner was never inspected and admitted or paroled into the United States.  *Id.*, ¶ 6.  CBP determined that petitioner is inadmissible to the United States and detained and processed him for removal proceedings.  *Id.*, ¶ 7.  On December 1, 2021, CBP issued a Notice to Appear ("NTA"), initiating removal proceedings under 8 U.S.C. § 1229a before the Executive Office for Immigration Review ("EOIR").  *Id.*, ¶ 8.  On December 11, 2021, petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE").  *Id* at 3, ¶ 9.  On December 11, 2021, petitioner was

---

[3] The following facts are undisputed unless otherwise noted.

released from custody on an Order of Release on Recognizance.  *Id.*; Docket No. 1 at 2-3, ¶ 4.

On November 21, 2022, petitioner applied for asylum and for withholding of removal.  Docket No. 10-1 at 3, ¶ 10.  On May 15, 2024, petitioner applied for temporary protected status ("TPS").  *Id.*, ¶ 12.  Petitioner was granted TPS on November 22, 2024.  *Id.*  On April 14, 2025, petitioner applied to re-register for TPS.  *Id.*, ¶ 13.  On November 20, 2025, United States Citizenship and Immigration Services ("USCIS") issued a notice of TPS termination.  *Id.*, ¶ 14.  On December 4, 2025,[4] ICE officials encountered petitioner at or near San Juan, Puerto Rico.  *Id.*, ¶ 15.  ICE officials determined that petitioner did not possess documentation authorizing his entry or presence in the United States.  *Id.*  Petitioner was arrested and detained in Puerto Rico pending removal proceedings.  *Id.* at 4, ¶ 17.  Petitioner was transferred to an ICE facility in Florida on December 9, 2025.  *Id.*, ¶ 17.  On December 23, 2025, petitioner was transferred to the Denver Contract Detention Facility ("Denver CDF"), where he is currently detained.  *Id.*, ¶¶ 17, 22.  On December 26, 2025, DHS issued a NTA initiating removal proceedings under 8 U.S.C. § 1229a.  *Id.*, ¶ 18.  The NTA charged petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  *Id.*  Petitioner's removal proceedings remain pending before the EOIR.  *Id.*, ¶ 21.

Petitioner filed a Petition for Writ of Habeas Corpus.  Docket No. 1.  Petitioner brings four due process claims and a claim for violation of 8 U.S.C. § 1226(a).  *Id.* at 12-

---

[4] Petitioner alleges that he was detained on or around December 15, 2025.  Docket No. 1 at 3, ¶ 7.  However, in a declaration, ICE Deportation Officer Jared Todd states that petitioner was encountered and detained on December 4, 2025.  Docket No. 10-1 at 3, ¶ 15.  This discrepancy does not impact the Court's analysis.

3

16, ¶¶ 42-66. Petitioner requests, among other things, that the Court order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 16. Petitioner also filed an Emergency Motion for Temporary Restraining Order requesting that the Court enjoin respondents from transferring petitioner outside the District of Colorado. Docket No. 2.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 8-12; Docket No. 10 at 1-2. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, "who previously entered and are now residing within the United States." Docket No. 1 at 10, ¶ 39. Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing. *See id.* at 13, ¶ 53. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States without being admitted or paroled." Docket No. 10 at 2. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *Id.*

On eight occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600, at *1-2 (D. Colo. Feb. 13, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo.

Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). Each time, the Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Docket No. 10 at 3. Respondents state that they submit an abbreviated response "to conserve judicial and party resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal." *Id.* at 2. Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit. *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025). "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from the case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. Respondents

5

incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.[5]  *Id.*

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case.  Docket No. 10 at 2.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[6]  Moreover, because the Court will grant the habeas petition, the motion for temporary restraining order asking the Court to enjoin respondents from transferring petitioner outside the District of Colorado until the case is resolved is moot.

### III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Nestor Luis Moncada-Hernandez's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

---

[5] Respondents specify that they do not consent to issuance of the writ.  Docket No. 10 at 3.

[6] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's due process claims.  *See Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.  It is further

**ORDERED** that the Emergency Motion for Temporary Restraining Order [Docket No. 2] is **DENIED as moot**.

DATED February 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge